19SL-CC03058

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| **KELLAN TATE,** | |
| Plaintiff, | |
| v. | **Cause No.:** |
| **CHARTER COMMUNICATIONS LLC, d/b/a CHARTER COMMUNICATONS** | **Div.** |
| Serve: CSC Incorporating Service<br>221 Bolivar Street<br>Jefferson City, MO 65101 | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff, Kellan Tate, by and through his undersigned attorneys, and for his Petition against Defendant Charter Communications LLC, d/b/a Charter Communications, states as follows:

### INTRODUCTION

1. Plaintiff, Kellan Tate (hereinafter "Tate" or "Plaintiff"), while in the employment of Defendant Charter Communications LLC, d/b/a Charter Communications (hereinafter "Charter" or "Defendant"), was subjected to a pattern of workplace discrimination on the basis of his race and/ or color by Defendant in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et. seq*.

2. Plaintiff Tate was denied his right to receive a service letter from Defendant in violation of the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140.

1

Exhibit B

3. As a result of Defendant's violations of Missouri laws, Plaintiff has suffered significant injuries and seeks all compensatory, non-economic, punitive, and other damages available to him under the law against Defendant.

## PARTIES

4. Plaintiff Tate is and was, at all times relevant herein, a resident of the State of Missouri.

5. Defendant is a for profit corporation, registered and conducting business in the State of Missouri and headquartered at 12405 Powerscourt Drive, St. Louis, Missouri, 63131.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this action for purposes of Plaintiff Tate's claim under Mo. Rev. Stat. § 213.111, *et seq.*, which provides in relevant part that "an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred."

7. Jurisdiction and venue are proper in this action for purposes of Plaintiff Tate's claim under Mo. Rev. Stat. § 508.010(4), which provides in relevant part that in tort actions for injuries incurred within the State of Missouri, "venue shall be in the county where plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action."

8. In this present action, Plaintiff Tate alleges that the actions which form the bases of this Petition occurred within the boundaries of St. Louis County, Missouri.

## CONDITION PRECEDENT

9. Pursuant to the requirements of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq.* ("MHRA"), Plaintiff Tate filed a timely Charge of Discrimination on November 15, 2018 with both the Equal Employment Opportunity Commission ("EEOC") and Missouri

**Exhibit B**

Commission on Human Rights ("MCHR"), a copy of which is attached hereto as Exhibit 1. On May 17, 2019, the MCHR issued a Right to Sue notice, thereby enabling Plaintiff to bring this action, a copy of which is attached hereto as Exhibit 2. As such, Plaintiff timely filed his claim under the MHRA, as this Petition was filed within the requisite ninety (90) days of the issuance of the Right to Sue notice and two (2) years of the discriminatory actions which form the basis of Plaintiff's MHRA claim. Plaintiff has, thus, satisfied all conditions precedent to the filing of his Petition.

## FACTUAL ALLEGATIONS

10. Plaintiff Tate was hired by Defendant as a customer service representative in approximately July 2014. Plaintiff was promoted to communication desk specialist in approximately March 2017.

11. Plaintiff Tate is an African-American man.

12. In approximately September or October 2018, Plaintiff was informed that while working a recent shift for Defendant, he failed to follow proper protocol with respect to a customer complaint, also known as a "NOC Remedy Ticket".

13. Another employee, Tara Northcutt, was also on duty during the work shift in question but was located in another Charter call center in Cincinnati, Ohio.

14. Ms. Northcutt was the employee who did not follow proper protocol with respect to the NOC Remedy Ticket.

15. Tara Northcutt is a Caucasian woman.

16. Plaintiff's supervisor, Dan Bleisch, admitted to Plaintiff Tate that Ms. Northcutt was the employee responsible for the protocol error.

**Exhibit B**

17. Dan Bleisch's supervisor, Mark Aschenbrenner, also admitted to Plaintiff Tate that Ms. Northcutt was the employee responsible for the protocol error.

18. Even though both supervisors, Bleisch and Aschenbrenner, admitted that Plaintiff Tate was not actually the employee responsible for failing to follow the proper protocol with respect to the NOC Remedy Ticket, Plaintiff was told he would be terminated.

19. On October 10, 2018, Dan Bleisch and HR Manager Lisa (last name unknown) terminated Plaintiff for the protocol error he did not commit.

20. Upon information and belief, fellow employee Tara Northcutt was neither disciplined nor terminated from her employment.

21. On or about November 15, 2018, Plaintiff filed a Charge of Discrimination with both the EEOC and MCHR, alleging employment discrimination.

22. On or about November 15, 2019, Plaintiff sent a certified—return receipt requested—letter to his supervisor Dan Bleisch, requesting that Defendant provide Plaintiff with a letter setting forth the nature and character Plaintiff's service for Defendant, Plaintiff's duration of employment, salary history, and truly stating the cause for Plaintiff's discharge, pursuant to the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140.

23. Defendant did not respond to Plaintiff's request for a service letter.

**LEGAL CLAIMS**

**COUNT I – Discrimination on the Basis of Race in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq.***

24. Plaintiff Tate is an African-American man.

25. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, it is an unlawful discriminatory act for "an employer, because of the . . . race . . . of any individual [t]o

4

**Exhibit B**

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employments because of such individual's . . . race."

26.   On account of Plaintiff's race, he was subjected to ongoing pattern of discrimination and harassment which resulted in Plaintiff experiencing different treatment and greater scrutiny than other employees who were not African-American.

27.   The pattern of discrimination and harassment by Defendant was sufficiently severe and pervasive to create a hostile working environment such that any reasonable person would find intolerable.

28.   Plaintiff Tate's race—African-American—and/or the discriminatory animus of Defendant towards Plaintiff based on such race was a contributing factor in Defendant's decision to terminate Plaintiff Tate from his employment.

29.   Plaintiff Tate's race—African-American—and/or the discriminatory animus of Defendant towards Plaintiff based on such race was a motivating factor in Defendant's decision to terminate Plaintiff Tate from his employment.

30.   As a result of the conduct described herein, Plaintiff suffered and will continue to suffer into the future a loss of salary, bonuses, benefits, experience, as well as emotional distress, mental anguish, embarrassment, and humiliation and other damages.

31.   The actions of Defendant were taken intentionally and without justification or excuse and were outrageous because of Defendant's evil motives and/or reckless indifference to the rights of Plaintiff Tate.  Therefore, Plaintiff Tate is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and other from like conduct.

**Exhibit B**

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

32. At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

33. Plaintiff Tate has been forced to retain counsel to represent him and to bring this action and, therefore, Plaintiff Tate is entitled to recover reasonable attorneys' fees and legal costs pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq.*

WHEREFORE, Plaintiff Kellan Tate respectfully requests the entry of Judgment in his favor and against Defendant Charter Communications Entertainment I, LLC, d/b/a Charter Communications for a finding that he has been subjected to unlawful discrimination on the basis of his race as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et seq.*, for actual and punitive damages, back pay, front pay, compensation for loss of benefits, interest on back pay, reasonable attorneys' fees, legal and court costs, all available equitable remedies and other damages in excess of $25,000.00, and any and all additional relief to which he may be entitled.

**COUNT II – Discrimination on the Basis of Color in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111,** *et seq.*

34. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if set forth herein.

35. Plaintiff Tate's color is black.

36. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, it is an unlawful discriminatory act for "an employer, because of the . . . color . . . of any individual [t]o

**Exhibit B**

fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employments because of such individual's . . . color."

37. On account of Plaintiff's color—black—he was subjected to ongoing pattern of discrimination and harassment which resulted in Plaintiff experiencing different treatment and greater scrutiny than other employees who were not black.

38. The pattern of discrimination and harassment by Defendant was sufficiently severe and pervasive to create a hostile working environment such that any reasonable person would find intolerable.

39. Plaintiff Tate's color—black—and/or the discriminatory animus of Defendant towards Plaintiff based on such color was a contributing factor in Defendant's decision to terminate Plaintiff Tate from his employment.

40. Plaintiff Tate's color—black—and/or the discriminatory animus of Defendant towards Plaintiff based on such race was a motivating factor in Defendant's decision to terminate Plaintiff Tate from his employment.

41. As a result of the conduct described herein, Plaintiff suffered and will continue to suffer into the future a loss of salary, bonuses, benefits, experience, as well as emotional distress, mental anguish, embarrassment, and humiliation and other damages.

42. The actions of Defendant were taken intentionally and without justification or excuse and were outrageous because of Defendant's evil motives and/or reckless indifference to the rights of Plaintiff Tate. Therefore, Plaintiff Tate is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and other from like conduct.

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

**Exhibit B**

43. At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

44. Plaintiff Tate has been forced to retain counsel to represent him and to bring this action and, therefore, Plaintiff Tate is entitled to recover reasonable attorneys' fees and legal costs pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq.*

WHEREFORE, Plaintiff Kellan Tate respectfully requests the entry of Judgment in his favor and against Defendant Charter Communications Entertainment I, LLC, d/b/a Charter Communications for a finding that he has been subjected to unlawful discrimination on the basis of his color as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et seq.*, for actual and punitive damages, back pay, front pay, compensation for loss of benefits, interest on back pay, reasonable attorneys' fees, legal and court costs, all available equitable remedies and other damages in excess of $25,000.00, and any and all additional relief to which he may be entitled.

**COUNT III – Violation of Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140.**

45. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs as if set forth herein.

46. For his request pursuant to the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140, Plaintiff was entitled to receive a letter from Defendant, setting forth the nature and character Plaintiff's service for Defendant, Plaintiff's duration of employment, salary history, and truly stating the cause for Plaintiff's discharge.

**Exhibit B**

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

47.     Defendant failed to issue the requested letter to Plaintiff in violation of the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140.

48.     As a result of the conduct described herein, Plaintiff suffered, and will continue to suffer in the future, a loss of salary, benefits, and experience, as well as emotional distress, mental anguish, embarrassment, and humiliation, and other damages.

49.     The actions of Defendant claimed herein above were undertaken intentionally and without justification or excuse, and were for improper purposes, and were outrageous because of Defendant's evil motives and/or reckless indifference to the rights of Plaintiff.  Therefore, Plaintiff is entitled to punitive damages from Defendant, to punish Defendant, and to deter Defendant and others from like conduct.

50.     At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Kellan Tate respectfully requests the entry of Judgment in his favor and against Defendant Charter Communications Entertainment I, LLC, d/b/a Charter Communications for a finding that Defendant failed to provide a service letter as requested by Plaintiff in violation of the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140, for actual and punitive damages, back pay, front pay, compensation for loss of benefits, and other damages, interest on back pay, reasonable attorneys' fees, court costs, all available equitable remedies and other damages in excess of $25,000.00, and any and all additional relief to which he may be entitled.

**Exhibit B**

Electronically Filed - St Louis County - July 25, 2019 - 12:30 PM

Respectfully submitted,

SUMMERS COMPTON WELLS LLC

/s/ Bridget L. Halquist
Bridget L. Halquist, MO Bar #50317
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO 63124
Telephone: (314) 991-4999
bhalquist@summerscomptonwells.com

***Attorneys for Plaintiff***

**Exhibit B**