# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLAN TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2482 CAS |
| | ) | |
| CHARTER COMMUNICATIONS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiff Kellan Tate's motion to remand. Doc. 12. Defendant Charter Communications LLC ("Charter") opposes the motion. Plaintiff has not filed a reply and the time to do so has passed. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter, and the case must be remanded to state court.

## I. Background

Plaintiff Kellan Tate initially filed this employment discrimination action in the Circuit Court of St. Louis County, Missouri, alleging violations of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. ("MHRA") and the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140. Plaintiff, an African-American male, was hired by Charter as a customer service representative in July of 2014 and promoted to communication desk specialist in March of 2017. Plaintiff alleges he was discriminated against on the basis of race and color when he was terminated for failing to follow proper protocol with respect to a customer complaint. Plaintiff alleges the mistake was actually made by his Caucasian co-worker, Tara Northcutt, and two of his supervisors admitted plaintiff was not the employee responsible for the error. Ms. Northcutt was neither discipled nor terminated from her employment with Charter. Plaintiff seeks "actual and punitive

damages, back pay, front pay, compensation for loss of benefits, interest on back pay, reasonable attorneys' fees, legal and court costs, all available equitable remedies and other damages in excess of $25,000.00 and any and all additional relief to which he may be entitled." Doc. 4 at 6, 8, 9.

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, asserting jurisdiction on the basis of diversity of citizenship. Plaintiff moves for remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of his motion, plaintiff submits an affidavit declaring he does not seek a judgment in excess of $75,000 and agrees to limit his recovery to an amount under $75,000, which he supports with the fact that he sought an initial demand for settlement in the amount of $28,000. Doc. 13-1.

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

2

The party seeking removal and opposing remand has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The Court notes that under Eighth Circuit precedent, Missouri state court petitions such as plaintiff's, which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. See Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

"[T]he issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are. Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Elliott v. Valvoline (Kentucky), LLC, 2018 WL 4853033, at *2 (E.D. Mo. Oct. 5, 2018) (quoting Hughes v. Transwood, Inc., 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018)). "Speculation and belief that a plaintiff's damages exceed $75,000 are insufficient to meet the burden of proof." Biomedical Sys. Corp. v. Crawford, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016). "When a state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount in controversy. In doing so, the court can consider the plaintiff's settlement offers." Branch v. Wheaton Van Lines, Inc., 2014 WL 6461372, at *1-2 (E.D. Mo.

Nov. 17, 2014). Post-removal affidavits may also be considered to resolve whether the district court has jurisdiction. Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963 (8th Cir. 2016) (per curiam). However, a post-removal affidavit will only be considered to the extent it clarifies, rather than amends, the original pleading. Armour v. Schneider Nat'l Carriers, Inc., 2016 WL 5470466, at *2, n.2 (E.D. Mo. Sept. 29, 2016).

**III. Discussion**

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship must exist between plaintiff and defendant, and the amount in controversy must exceed $75,000 exclusive of interest and costs. In his state court petition, plaintiff seeks unspecified damages "in excess of $25,000.00 and any and all additional relief to which he may be entitled." Doc. 4 at 6, 8, 9.

Defendant argues diversity jurisdiction is proper because plaintiff seeks back pay and medical benefits. Defendant submitted an affidavit from its Human Resources Manager stating that plaintiff's hourly pay rate in 2018 was $17.62 per hour and, on October 10, 2018, the date of his termination, he had earned $35,468.44 in pre-tax wages and received $7,091.76 in medical insurance premium benefits. Doc. 23-1. Based on these figures, defendant argues plaintiff's potential damages for back pay and medical benefits from the date of his discharge until an entry following trial, which defendant assumes will be 18 months under the Court's standard scheduling order, could result in a total award of $110,202.68, not including punitive damages, front pay, interest on back pay, reasonable attorneys' fees, and costs.

4

The Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiff's petition in this case, in contrast, does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff filed a sworn statement that his damages do not exceed and he will not accept an amount greater than $75,000.[1] This affidavit "limiting his damages, including attorneys' fees, to less than $75,000" serves to "clarify the original pleading and establish to a legal certainty that the claim is for less than the requisite amount." Elliott, 2018 WL 4853033, at *2 (quoting McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in

---

[1] The Court believes this type of sworn stipulation is binding upon plaintiff, and may be enforced through appropriate sanctions. See Fliter v. Werner Enters., 2005 WL 5834638, at *1 (E.D. Mo. Dec. 14, 2005).

5

controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.")).

Moreover, plaintiff made an initial demand for settlement in the amount of $28,000. This fact further supports that the amount in controversy in this case does meet the jurisdictional requirement for removal on the basis of diversity of citizenship.

The Court finds these facts establish to a legal certainty that the amount in controversy does not exceed $75,000, and thus, subject matter jurisdiction is lacking. Plaintiff's motion to remand must therefore be granted.

The Court notes there is a fully briefed pending motion to dismiss and compel arbitration or, in the alternative, to stay proceedings pending arbitration, which was filed by defendant on September 26, 2016. Doc. 20. The Court will order this motion to remain pending to be addressed by the state court following remand. See Thebeau v. CitiMortgage, Inc., 2016 WL 4011647, at *4 (E.D. Mo. July 27, 2016) (ordering motion to compel arbitration to remain pending for resolution by the state court following remand).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kellan Tate's Motion to Remand is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that defendant Charter Communications LLC's Motion to Dismiss and Compel Arbitration or, in the alternative, to Stay Proceedings Pending Arbitration remains pending for resolution by the state court following remand. [Doc. 20]

                                                             /s/ Charles A. Shaw
                                         **CHARLES A. SHAW**
                                         **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of November, 2019.